UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

**UNITED STATES OF AMERICA,**

        Plaintiff(s),        CASE NUMBER: 05-80494
                                          HONORABLE VICTORIA A. ROBERTS

v.

**D-1 ROBERT MAPP,**

        Defendant(s).
_____/

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR SELECTIVE PROSECUTION
AND *EX PARTE* MOTION FOR INVESTIGATIVE FEES

This matter is before the Court on Defendant Robert Mapp's Motion to Dismiss for Selective Prosecution (Doc. #11) and *Ex Parte* Motion for Investigative Fees (Doc. #14). For the reasons stated below, Defendant's motions are **DENIED**.

Defendant is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The charge arises from the execution of a search warrant at Defendant's home on May 12, 2005. During the search, officers allegedly recovered a .40 caliber handgun and an AK-47 assault rifle. Defendant asserts that his case was referred for federal, rather than state, prosecution as part of the Project Safe Neighborhood ("PSN") crime reduction initiative.[1] The PSN is "a national initiative spearheaded by the Justice Department and administered locally by

---

[1] The Government does not dispute this assertion and it is presumed true for purposes of this motion.

the United States Attorney for the Eastern District of Michigan[,]" under which Wayne and other county prosecutor offices refer certain cases involving firearms for federal prosecution. *U.S. v Nixon*, 315 F.Supp. 2d 876, 877 (E.D. Mich. 2004). Federal prosecution often results in a significantly higher sentencing range than the Defendant was facing in state court.

The referral of Defendant's case is the basis of his motions. Defendant believes that a disproportionate number of gun-related crimes involving African Americans in Wayne County are being referred for federal prosecution under PSN, when compared with other counties.[2] This, says Defendant, is selective prosecution which violates the Equal Protection Clause and warrants dismissal of his indictment.

There is a heavy burden of proof for claims of selective prosecution:

First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000). Likewise, in order to obtain discovery related to such a claim, a defendant must present some evidence of discriminatory effect and discriminatory intent. *United States v. Bass*, 536 U.S. 862, 863 (2002). And, to meet the discriminatory effect prong, "the defendant must make a credible showing that similarly situated individuals of a different race were not prosecuted." *Id.* at 863.

---

[2]The Court presumes from the arguments made that Defendant is an African American. He does not explicitly say as much.

Defendant alternatively requests that the Court allocate investigative fees to enable him to procure an independent investigator to examine the PSN initiative's statistical data.  The Criminal Justice Act ("CJA"), 18 U.S.C. §3006A, provides that counsel for an indigent defendant shall be authorized to obtain investigative services upon a showing that "the services are necessary and that the person is financially unable to obtain them."  18 U.S.C. §3006A(e)(1).  The Sixth Circuit outlined the criteria for such requests:

> An indigent defendant may obtain authorization for investigative, expert or other services . . . upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced.

*United States v Gilmore*, 282 F.3d 398, 306 (6th Cir. 2002).

Defendant offers no evidence to satisfy any of the necessary elements for his claim of selective prosecution or for discovery.  In support of his request for discovery, Defendant argues that he and others like him who have limited financial means are necessarily foreclosed from mounting a constitutional attack on PSN because he cannot afford to survey all of the prosecutions under PSN over a period of time.  The Court is not persuaded by this argument.  Even if Defendant's assertion is presumed true, he cites no authority that such a consideration is an exception to the substantial showing the Supreme Court requires before discovery can be ordered.  Because Defendant failed to make the necessary showing, his Motion to Dismiss for Selective Prosecution is **DENIED**.

Defendant also failed to make the requisite showing to merit an allocation for investigative services, because he did not provide any evidence to support his claim

3

that he is without adequate financial means.  Defendant merely states in conclusory fashion that he is indigent.  However, the Court notes that Defendant has retained counsel.  Further, Defendant did not provide even basic information regarding his finances to enable the Court to make an independent assessment of whether he is indigent.  Therefore, Defendant's *Ex Parte* Motion for Investigative Fees is also **DENIED**.

    **IT IS SO ORDERED.**

                            s/Victoria A. Roberts
                            Victoria A. Roberts
                            United States District Judge

Dated:  August 3, 2005

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 3, 2005.
>
> s/Linda Vertriest
> Deputy Clerk